### COLLITON et al. v. NEFF et al.
### No. 8885.

United States Court of Appeals
District of Columbia.

Argued March 13, 1945.

Decided May 14, 1945.

Mr. P. Michael Cook, of Washington, D. C., with whom Mr. L. Harold Sothoron, of Washington, D. C., was on the brief, for appellants.

Mr. T. Howard Duckett, of Washington, D. C., with whom Mr. Talbot Sinclair, of Washington, D. C., was on the brief for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellants, the makers of a note secured by a deed of trust, sued the holders to enjoin foreclosure of the deed. The complaint alleged that the parties had "compromised" the note by an agreement which appellants had offered and appellees had accepted. The express terms of appellants' offer, which appellees accepted on May 14, 1936, included two cash payments and a new note "to be dated May 15, 1936." Appellants insist that the mere making of the agreement was intended to satisfy the old note. But immediate delivery of a new note was plainly a part of what appellants purported to offer and appellees to accept in place of the old note.

The complaint does not allege that appellants completed the cash payments, or delivered the new note, which the agreement called for. If they had done those things, the question would arise whether the old note and its security were to be abrogated upon delivery of the new note or not until its payment. Cf. Martin v. Breckenridge, 4 Cir., 14 F.2d 260. But since no new note was given, the old note remained in full effect. Appellants' failure to deliver a new note immediately, as promised, was a very material breach of the new agreement at the outset, and therefore appellants cannot enforce the agreement, however interpreted, against appellees. Accordingly the complaint was rightly dismissed. We need not consider other possible reasons for affirming the judgment, including the fact that the so-called compromise agreement called for the payment of less than was already due on the old note.

Affirmed.